IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN CLABAUGH, II, :

    Plaintiff, : Case No. 3:18cv140

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

    Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR THE IMMEDIATE PAYMENT OF BENEFITS; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On August 13, 2019, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated and reversed, and that the captioned cause be remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for the immediate payment of benefits. Based upon reasoning and citations of

authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #12), and in the Plaintiff's Response to Defendant's Objections (Doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, was <u>not</u> supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #13) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is vacated and reversed and the captioned cause is remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for the immediate payment of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made. This <u>de novo</u> review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." <u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983); <u>Gibson v. Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the

Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401. Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1984); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the

Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees that the Administrative Law Judge's treatment of the opinions of Plaintiff's treating psychologist, Dr. James Moore, Psy.D. was error, sufficient to conclude that the Administrative Law Judge's opinion of non-disability was not supported by substantial evidence. Moreover, this Court believes that Dr. Moore's opinion that Plaintiff would likely miss work more than three times per month is not "speculative at best;" rather, such an opinion finds support in the medical records. In addition, this Court simply does not believe that such an opinion, as long as it is supported by evidence in the medical records, is a veiled attempt on the part of Plaintiff's treating source to opine, impermissibly, that his patient is unemployable. Rather, it is a statement of fact, an opinion, well supported in the record by a treating physician, upon which the Defendant Commissioner, through his Administrative Law Judge, can opine on the ultimate issue of whether the Plaintiff is or is not employable, to wit: whether the Plaintiff/Claimant is disabled within the meaning of the Social Security Act.

4

2.	While the Administrative Law Judge comments on the Plaintiff's history of "recreational/designer drug use" and "polysubstance abuse" as well as regular and ongoing use of marijuana (Administrative Transcript at 16, 18-19), treating source, Dr. Cynthia Africk, M.D., does not opine that Plaintiff's mental health issues were either caused or aggravated by such use. This Court agrees with the Plaintiff that "no medical source appears to have treated Plaintiff for substance abuse nor has any medical source indicated in any way that substance abuse was significant to Plaintiff's impairments, his symptoms, his limitations or the opinions of Dr. Moore." (Doc. #12 at 3396-97).

3.	Given that the evidence of disability is strong while contrary evidence is lacking, insofar as the Defendant's mental health issues are concerned, a remand for the payment of benefits, rather than for further administrative proceedings, is appropriate. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, and, in so doing, vacates and reverses the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and, in so doing, remands the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for the immediate payment of benefits. Judgment is to be entered accordingly.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 30, 2019

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record